Lisa Counters, 016436
8014 E. McClain Dr., Ste. 200
Scottsdale, AZ 85260
(602) 490-0030 (Voice)
(888) 683-8397 (Fax)
Lisa@countersfirm.com

Alan Schiffman, SBN 004257
Schiffman Law Office, P.C.
4506 N. 12th Street
Phoenix, AZ 85014
alan@schiffmanlaw.com
Voice: (602) 266-2667
Fax: (602) 266-0141

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Buckingham,<br><br>  Plaintiff,<br><br>vs.<br><br>Banner Health Long-Term Disability Plan, Banner Health & Welfare Committee, and Banner Plan Administration,<br><br>  Defendants. | Case No. :<br>**COMPLAINT** |

For his claim against Defendants, David Buckingham ("Buckingham") alleges as follows:

**JURISDICTION AND VENUE**

1. Buckingham is a resident of Maricopa County, Arizona.

2. Banner Health, Inc. ("Banner") is an Arizona corporation and at all relevant times employed Buckingham.

3. Banner Health Long-Term Disability Plan ("Plan") is a purported ERISA welfare benefit plan established and maintained by Banner for the benefit of its employees. The Plan offered long-term disability benefits.

4. Banner Plan Administration ("BPA") is a claim administrator appointed by the Banner Health & Welfare Committee ("BHWC") to administer and determine benefit claims and is the plan administrator.

5. Banner is a Plan Fiduciary as defined by ERISA.

6. This Court has jurisdiction over the Plan by virtue of the provisions of ERISA 29 U.S.C. § 1132, and because the Plan, BPA, and BWHC have caused events to occur in Arizona out of which Buckingham's claims arise.

7. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

8. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

9. Banner provided certain employees with long-term disability insurance pursuant to the Plan.

10. At all relevant times, Buckingham was a Banner employee, became a covered individual under the Plan, and remained continuously employed.

11. Buckingham qualified for Long Term Disability Benefits under the Plan effective on or about January 27, 2009.

12. The terms of the Plan state that Banner will pay long-term disability benefits after Buckingham has been disabled for 182 days and he suffers from an injury or sickness of permanent or long continued duration, which directly or independently of all other causes, disables him so that he is completely prevented from engaging in any occupation or employment for which he is fit by reason of experience, training, or education.

13. Prior to becoming disabled, Buckingham was employed by Banner as a cardiac nurse.

14. Buckingham suffers from severe coronary artery disease, degenerative disc disease, and spinal stenosis.

15. Buckingham received short-term disability benefits through February 8, 2009. His claim for long-term disability benefits was denied by BPA.

16. Buckingham timely appealed Banner's denial.

17. BPA issued its final denial of Buckingham's claim on August 13, 2009.

18. Buckingham continues to be totally disabled as defined by the Plan.

19. Buckingham has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

20. Buckingham incorporates and realleges all previous allegations.

21. Buckingham became disabled on or about July 29, 2008, continues to be disabled and is unable to perform the duties of his occupation or any gainful employment.

22. Despite the coverage of Buckingham's long-term disability, Defendants has improperly denied long-term disability benefits to Buckingham in breach of the Plan. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

23. The Plan is self-funded by Banner and operates under a structural conflict of interest.

24. The Plan does not contain a proper delegation of discretion to the claim decisionmaker.

25. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Buckingham is entitled to recover all benefits due under the terms of the Plan, and to enforce his rights under the terms of the Plan. Buckingham is further entitled, under the terms of ERISA, 29 U.S.C.

§ 1132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of his rights to future benefits under the Plan.

26. Pursuant to 29 U.S.C. § 1132(g), Buckingham is entitled to recover his attorneys' fees and costs incurred herein from Banner and the Plan.

27. Buckingham is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled, i.e., 10% pursuant to A.R.S. § 20-462.

WHEREFORE, Buckingham prays for entry of judgment against Defendants as follows:

A. For all past and future benefits due Buckingham under the terms of the Plan;

B. Enforcing Buckingham's rights under the terms of the Plan;

C. Clarifying and determining Buckingham's rights to future benefits under the terms of the Plan;

D. For an award of Buckingham's attorneys' fees and costs incurred herein;

E. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

F. For such other and further relief as the Court deems just and reasonable.

Dated:  August 10, 2010.

                          THE COUNTERS FIRM, P.C and
                          SCHIFFMAN LAW OFFICE, P.C.

                          By: s/ Lisa J. Counters
                                Lisa J. Counters